## WISE STIMPSON v. STATE.

No. A-5701. Opinion Filed March 18, 1927.
(253 Pac. 1032.)

Mounts & Chamberlain and W. H. Hussey, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. The appellant was tried and convicted on an information charging that in Tillman county, February 14, 1925, he did unlawfully have in his possession "three quarts of whisky, with the unlaw-

ful intention then and there on the part of him, the said Wise Stimpson, of conveying and transporting said three quarts of whisky from a point four miles west and two miles south of Chattanooga to a point one mile north of Chattanooga;" the jury leaving the punishment to the court.

In due course a motion for new trial was interposed in his behalf and denied, whereupon judgment was pronounced, and he was sentenced to pay a fine of $50 and be confined in the jail for 30 days. From the judgment he appeals.

The undisputed facts are that appellant lives just north of Chattanooga. He arranged to buy some whisky from Tom Barnes, and on the evening of the date alleged drove from his home into Chattanooga. There he picked up Ray Price and Jack Hargess; then drove four miles west and two miles south, where by previous arrangement he was to meet Barnes. There he talked with Barnes, and Barnes went to a straw stack, and came back with a half-gallon fruit jar and a quart bottle, which, according to Barnes' testimony, contained corn whisky. Appellant gave Barnes a check for $9, which, the proof shows, was later cashed without protest from appellant.

As a witness in his own behalf, appellant testified that he arranged to buy the whisky from Tom Barnes, and that night drove to his father's home. There Barnes delivered a fruit jar and bottle which he said contained three quarts of corn whisky, and for which he gave Barnes a check for $9. Barnes then went to the house, and, before starting back, appellant proposed they sample the whisky. Then he took a drink, and said to the others: "It don't taste like whisky." That after Price and Hargess sampled it he poured out the

contents, and put the containers on the back seat of his car.

Ray Price testified that it did not taste or smell like whisky; that it smelled like carbon.

Jack Hargess testified that he took a drink, and did not know what it was, but that it was not whisky.

A demurrer to the information was filed and overruled, and the first assignment of error is based upon this ruling. The information charges possession of intoxicating liquors, with the unlawful intention of conveying the same. That is sufficient, and the demurrer thereto was properly overruled.

The overruling of the motion for a directed verdict of acquittal, when the state rested, is assigned as error. In support of this assignment it is urged that the only witness for the state, Tom Barnes, was an accomplice, and that his uncorroborated testimony is insufficient to support a conviction. We are unable to agree with this contention of appellant. The motion for a directed verdict was properly overruled.

A number of exceptions are reserved to rulings of the court in giving and refusing instructions. Taken as a whole, the instructions given fairly cover the law applicable to the case.

It is obvious that the case was one for the consideration of the jury, and we are unable, after careful examination, to find anything in the record sufficient to warrant us in interfering with the verdict.

The judgment is therefore affirmed.

EDWARDS and DAVENPORT, JJ., concur.